IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                          )
                                )   Chapter 7
WALTERMAN IMPLEMENT, INC.,      )
                                )
    Debtor.                     )   Bankruptcy No. 05-07284
------------------------------
RENEE HANRAHAN, TRUSTEE,        )
                                )   Adversary No. 06-9072
    Plaintiff,                  )
                                )
vs.                             )
                                )
LEON WALTERMAN,                 )
                                )
    Defendant.                  )
```

**ORDER RE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

On January 8, 2007, the above-captioned matter came on for hearing on a Motion for Summary Judgment filed by Trustee. Hearing was held by telephone conference call. Plaintiff/Trustee appeared personally with her attorney, Eric Lam. Defendant Leon Walterman was represented by Attorney Jan Kramer. The matter was argued after which the Court took the matter under advisement. No further briefs are anticipated and this matter is ready for resolution. The Court has jurisdiction over this adversary pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 548 and 544. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

**STATEMENT OF THE CASE**

This adversary proceeding was filed by the Chapter 7 Trustee against Defendant Leon Walterman alleging fraudulent transfer of three snowmobiles. Trustee alleges that this transaction occurred within one year prior to the filing of the Chapter 7 petition. Trustee asks the Court to determine that these three snowmobiles were fraudulently transferred to Defendant within the meaning of §§ 548 and 544 as well as Iowa Code Chapter 684. Trustee asks the Court to determine that the snowmobiles in question are property of the estate pursuant to §§ 550 and 551. Finally, Trustee asks the Court to authorize her to administer these assets and to do anything reasonably necessary to enable her to liquidate these items free and clear of any and all right or claim asserted by any other party or entity.

Defendant Leon Walterman makes two arguments. He argues first that Debtor may not have been insolvent at the time of the transaction. The second argument relates to the transaction. Defendant asserts that the sale documents establish that four snowmobiles were purchased at a price of $8,849.00 per snowmobile for a total price of $35,396 before taxes and other charges. It appears that a down payment of $1,700 was made. In addition, a number of snowmobiles were traded in as part of the transaction. After the down payment and credit for trade-ins, Debtor Walterman Implement paid $9,975 for the four snowmobiles. Based on these facts, Debtor may have paid approximately 25% of the purchase price of the snowmobiles at issue. However, the remainder of the payment consisted of the down payment and the trade-in of other property. Defendant asserts that the source of these funds is undetermined in this record.

## UNCONTESTED FACTS

An involuntary Chapter 7 petition was filed against Debtor Walterman Implement, Inc. on October 21, 2005. Debtor was insolvent between October 21, 2004 and October 21, 2005. This fact is established for the purposes of this adversary pursuant to an agreement of the parties which was acknowledged by the Court in an order signed August 17, 2006.

Defendant Leon Walterman is the record title holder of three Arctic Cat snowmobiles as reflected in Trustee's Exhibits SJ 305 to SJ 307. Title to the fourth snowmobile purchased at the same time is not established in this record. The three snowmobiles in question were purchased from Storm Lake Honda on October 21, 2004. The purchase agreement is reflected in Exhibit SJ 303. The amount of $9,975 was paid by Debtor Walterman Implement, Inc. to Storm Lake Honda by way of a money order dated October 21, 2004. Trustee has alleged, and Defendant does not contest, that this money was paid by Debtor.

Based upon these facts, Trustee asserts that Debtor Walterman Implement, Inc. purchased these three snowmobiles and paid for them with the foregoing money order. Ownership of the three snowmobiles was placed in the name of Leon Walterman, individually. It is alleged, and uncontested, that Mr. Walterman did not pay any of the sum of $9,975 alleged by Trustee.

## CONCLUSIONS OF LAW

Plaintiff/Trustee seeks avoidance of this transfer under § 548(a)(1)(B). Trustee asserts that the transfer was made at the time that Debtor was insolvent and that Debtor received less

2

than reasonably equivalent value for the transfer. Trustee must establish that the transfer occurred within one year of the date of the transfer. The applicable portion of § 548 provides:

> (a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--
>
> . . .
>
>> (B)(I) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>>
>> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

11 U.S.C. § 548(a)(1)(B).

Alternatively, Trustee asserts that Trustee has the authority to void transfers pursuant to the Uniform Fraudulent Transfer Act which is codified at Iowa Code Chapter 684. To prevail under the Iowa Fraudulent Transfer Act, Trustee must show that Debtor was insolvent at, or after, the time of transfer and that Debtor received less than reasonably equivalent value in return for the transfer. Iowa Code sec. 684.4(1)(b) provides:

> 1. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation under any of the following circumstances:
>
> . . .
>
>> b. Without receiving a reasonably equivalent value in exchange for the transfer or obligation . . .

Iowa Code § 684.4(1)(b). The Iowa Uniform Fraudulent Transfer Act requires a transfer within one year pursuant to Iowa Code § 684.9(2).

## ANALYSIS

Pursuant to the agreement of the parties and this Court's order of August 17, 2006, Debtor was insolvent during the one year period prior to the petition date of October 21, 2005.

Secondly, it is clear from the exhibits and the uncontested facts that Debtor Walterman Implement, Inc. received less than reasonably equivalent value for the transfer of these three snowmobiles to Defendant Leon Walterman. Each snowmobile was sold for $8,849. However, Storm Lake Honda received only $9,975 for four snowmobiles pursuant to a money order dated October 21, 2004.

The issue in this analysis relates to the relief sought by Trustee. Trustee asks the Court to void the transfers and place title in Trustee free and clear of any and all right or claim of Defendant. However, it appears to this Court that unresolved fact issues preclude a final determination in this case. The Purchase Agreement (Exhibit SF 303) reflects the three snowmobiles in question were individually priced at $8,849 for a total of $26,547. While the relevant portion of Exhibit SF 303 is impossible to read, it appears that there were substantial trade-in allowances and other credits which appear to reflect a down payment and trade-ins of, presumably, some other snowmobiles. The result is that the remaining unpaid balance was the $9,975 figure. The record is silent as to what property was traded in or ownership of the traded property. Finally, the record is silent as to the status of the fourth snowmobile and how the trade-in numbers as well as the ultimate purchase price are affected by this fourth snowmobile.

It is clear that three snowmobiles were purchased by Walterman Implement, Inc. within one year of the petition date during which Debtor was insolvent. It is also clear that Debtor paid $9,975 for these snowmobiles which were then titled in the name of Defendant Leon Walterman. There was no payment of reasonably equivalent value to the extent of the $9,975 payment. However, Trustee seeks turnover of three snowmobiles with a purchase price of $26,547. This is disproportionate absent a satisfactory explanation which may or may not be supplied with the presentation of the facts discussed previously. As the record stands, the Court concludes that summary judgment is inappropriate.

**WHEREFORE**, for the reasons set out herein, Trustee's Motion for Summary Judgment is DENIED.

Dated and Entered:

January 26, 2007

/s/ Paul J. Kilburg
Paul J. Kilburg
Bankruptcy Judge